**STATE OF TEXAS, Appellant,**

v.

**Fred FIGUEROA, Jr., Appellee.**

**No. 24567.**

United States Court of Appeals
Fifth Circuit.

Jan. 10, 1968.

James H. Quick, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen. of Texas, George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., Houghton Brownlee, Jr., Asst. Atty. Gen., Austin, Tex., for appellant.

Robert Lee Bobbitt, Jr., San Antonio, Tex., for appellee.

Before TUTTLE and GEWIN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

This is an appeal from a judgment of the district court awarding to Figueroa, the owner of the surface estate, one half the compensation paid by the United States in a condemnation proceeding for the acquisition of a negative easement. The remaining one half was awarded to the state of Texas, the owner of the mineral estate in the lands which were the subject of the condemnation proceedings.

Here, Figueroa owned only the surface, but, under the Texas Relinquishment Act, the surface owner in a tract as to which the state owns the minerals, has the right, as agent for the state, to lease the minerals in return for which he receives one half the proceeds of the sale of oil and gas. When, as here, the surface is taken away from the prior owner thereof, by condemnation, he loses what-ever interest he would have had as owner of the surface in making such lease for the state's mineral estate, and thus is deprived of something of value, even though he does not have any present title in any of the minerals. This seems to be the basis of the trial court's decision, in which the court relied upon the Texas case of Schooler v. State, Tex.Civ.App., 175 S.W.2d 664.

Although the state of Texas attacks the *Schooler* decision as not being a decision by the Texas Supreme Court, we conclude that it is an expression of the highest Texas court on the point of law here involved and consider that it is, therefore, binding on the federal courts. See State of California v. Taylor, 353 U.S. 553, 77 S.Ct. 1037, 1 L.Ed.2d 1034; National Surety Corporation v. Bellah, 5 Cir., 245 F.2d 936.

The judgment is affirmed.